OPINION
On May 10, 1997, Deputy Jim Miller of the Holmes County Sheriff's Department was on patrol in the Village of Holmesville at approximately 10:15 P.M. While sitting in the parking lot of a convenience store, he observed a pickup truck with three individuals riding in it. As he followed the pickup truck, he observed it swerving. He stopped the truck, suspecting that the driver was under the influence of alcohol or drugs.
The driver of the vehicle was William Higdon. Appellant James Malone was in the passenger's seat, nearest the passenger-side door. Aaron Jenkins was in the middle.
During roadside sobriety testing, Higdon indicated that there were approximately two pounds of marijuana behind the seat of the pickup truck. With permission of Higdon, Deputy Miller searched the truck and found the marijuana. The deputy then placed all three individuals under arrest for possession of marijuana.
Detective DeFelice of the Holmes County Sheriff's Department arrived at the scene. He placed all three individuals in his cruiser, and questioned them individually outside of the presence of the other two. During the course of his conversation with Higdon, Higdon indicated that he had picked up Jenkins and appellant in Wooster, agreeing to give them a ride to Millersburg. He claimed that at some point during the course of the ride, appellant pulled the marijuana out of his coat, and placed it behind the seat.
All three individuals were booked at the Holmes County Sheriff's Department. After the booking, Deputy Miller took a written statement from Higdon.
Appellant was charged with one count of Possession of Marijuana (R.C. 2925.03(A)). The case proceeded to jury trial in the Holmes County Common Pleas Court. At trial, Higdon was called to the stand by the State. Higdon refused to testify, claiming his Fifth Amendment right against self-incrimination. Both the written statement Higdon gave to police, and the transcript of his oral statement to Detective DeFelice were admitted into evidence on the basis that the witness was not available, and the statements constituted admissions against his interest.
Appellant was convicted as charged. Appellant was sentenced to five years community control.
Appellant assigns a single error:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN ADMITTING THE TRANSCRIBED AND WRITTEN STATEMENTS OF THE CO-DEFENDANT WILLIAM HIGDON.
The instant appeal raises two issues: whether the statement could be admitted as an exception to the hearsay rule on the basis that it is a statement against interest, and if so, whether admission of the statements violated the confrontation clause.
Pursuant to Evid.R. 804(B)(3), a statement may be admitted if the declarant is unavailable and is a statement against interest. To qualify as a statement against interest, it must be shown that the statement tended to subject the declarant to criminal liability, so that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true. State vs. Gilliam (1994), 70 Ohio St.3d 17, 20.
The statement Higdon made to the police tended to subject him to criminal liability. He admitted to giving the men a ride from Wooster, although he claimed not to know at the time what their purpose was for traveling to Millersburg. However, appellant admitted to the officer that he smokes marijuana, and that he continued to drive the vehicle, knowing the marijuana was in the truck.
The confrontation clause and the hearsay rules stem from the same roots, and generally protect the same values; however, the prohibitions of the confrontation clause cannot be equated with the general rule prohibiting the admission of hearsay statements.Id. at 19, citing White vs. Illinois (1992), 502 U.S. 346. The confrontation clause is a constitutional safeguard that insures the defendant will not be convicted based on the charges of unseen, unknown, and unchallengeable witnesses. Lee vs. Illinois
(1986), 476 U.S. 530, 540. Therefore, the confrontation clause bars the admission of some evidence that would otherwise be admissible under a hearsay exception. Idaho vs. Wright (1990),497 U.S. 805, 814.
The satisfy the confrontation clause, the evidence must be supported by a showing of particularized guarantees of trustworthiness. Ohio vs. Roberts (1980), 448 U.S. 56, 66. The guarantees of trustworthiness must be demonstrated from the totality of the circumstances. Idaho vs. Wright, supra, at 819. A confession is not as inherently suspect as the typical co-defendant's confession where the statement did not attempt to exonerate its maker, and shift the blame to another co-defendant.Gilliam, supra, at 21. The statement may also be trustworthy when other witnesses at trial corroborate the statement. Id.
In the instant case, the statements do not bear sufficientindicia of trustworthiness to satisfy the confrontation clause. It is apparent throughout the totality of both statements that appellant's sole purpose was to attempt to shift the blame away from him, and to appellant. Higdon asserted that although he smokes weed, and gets high, he does not deal with selling large amounts of marijuana. He claimed that he didn't know appellant had the marijuana until he was driving down the street. He questioned the officer as to whether he did the right thing in cooperating with the investigation, and whether he could get into trouble for this. He was concerned that his brother would be angry with him for his involvement in the incident.
In addition, the only evidence corroborating Higdon's statement was the testimony of Aaron Jenkins. Aaron Jenkins testified that the marijuana belonged to appellant, and he pulled it out of his bib overalls on the way to Millersburg. However, his testimony was somewhat suspect, as were Higdon's statements to the police. At the time of the traffic stop, Jenkins told the officers that he did not put the marijuana in the car, but was not sure whether appellant or Higdon put the marijuana there. Further, Jenkins was testifying pursuant to a plea bargain agreement. He also claimed that on the day of the incident, he had drank six beers, and smoked a joint.
The State argues that the admission of the statements themselves was harmless error, as Detective DeFelice testified as to the content of the statement without objection from appellant. We disagree. Prior to the testimony of Detective DeFelice, appellant noted a continuing objection to any of Higdon's statements. The court stated on the record that a continued objection was noted to any statements that Higdon made, as reflected in the State's exhibits. The court made it clear that the objection need not be renewed by appellant. Tr. 113. Therefore, appellant's objection ran to both Exhibits E and F, the statements themselves, and to Detective DeFelice's statements concerning what Higdon told him about the marijuana.
As the admission of Higdon's statements violated the confrontation clause, the Assignment of Error is sustained.
The judgment of conviction and sentence is reversed, and this case is remanded to the Holmes County Common Pleas Court for new trial.
By: Reader, J., Farmer, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of conviction and sentence is reversed, and this case is remanded to the Holmes County Common Pleas Court for new trial. Costs to appellee.